UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

**Hearing Date and Time**
**July 22, 2026 at 10:00 a.m.**

---------------------------------------------------X

In Re:                                                              Chapter 11

AGI'S CAFE LLC,                                              Case No.  1-26-40788-jmm

                    Debtor.

---------------------------------------------------X

**NOTICE OF MOTION FOR ENTRY OF ORDER (I) DEEMING LEASE
TO BE REJECTED; (II) COMPELLING SURRENDER OF
NONRESIDENTIAL REAL PROPERTY; AND (III) IF NECESSARY,
MODIFYING THEAUTOMATIC STAY TO PERMIT MOVANT TO
TAKE RELATED ACTIONS TO OBTAIN POSSESSION OF NON-
RESIDENTIAL REAL PROPERTY**

**PLEASE TAKE NOTICE**, a hearing (the "Hearing") will be held before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, on **July 22, 2026 at 10:00 a.m.** or as soon as possible thereafter as counsel can be heard (the "Hearing Date"), to consider the application of 1045 Union Associates, LLC ("1045 Union") seeking the entry of an order: (i) deeming Agi's Café, LLC's, the debtor and debtor-in-possession (the "Debtor")  lease of nonresidential real property with 1045 Union (the "Lease") to be rejected by operation of law pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"); (ii) compelling the Debtor to immediately surrender possession of its non-residential real property located at 818 Franklin Avenue, Brooklyn, New York 11225 (the "Premises") and remove all personal property from the Premises; (iii) to the extent necessary, modifying the automatic stay provisions of section 362(a) of the Bankruptcy Code to allow to 1045 Union to terminate the Lease and obtain possession of the Premises; and (iv) granting 1045 Union such other and further relief as may be just and proper (the "Application").

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be held in person, by phone, or by videoconference. Regardless of whether you intend to appear in person, by phone, or by

1

videoconference, those intending to appear at the Hearing must register with eCourt Appearances no later than two (2) days prior to the Hearing. The phone number or video link for the Hearing will be emailed only to those that register with Court Appearances in advance of the Confirmation Hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844, JMM_Hearings@nyeb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the Application, must be in writing setting forth the facts and authorities upon which an objection is based, filed with the Clerk of the Court, United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, NY 11201, provided, however, that pursuant to *general order* No. M-182 re Electronic Case Filing Procedures (as amended from time to time), entities with Internet access shall file objections (formatted with Adobe Acrobat, rider 3.0) at http://www. nyeb.uscourts.gov., and served so as to be received by: (i) the attorneys for 1045 Union, Kucker Marino Winiarsky & Bittens, LLP, 747 Third Avenue, New York, New York 10017, Attn: Joel M. Shafferman, Esq.; (ii) the attorneys for the Debtor, Morrison Tenenbaum PLLC, 87 Walker Street, Floor 2, New York, New York 10013, Attn: Brian J. Hufnagel, Esq. and (iii) the Office of the United States Trustee, Eastern District of New York, 201 Varick Street, Suite 1006, New York, New York 10004, no later than seven (7) days prior to the Hearing Date.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice except by announcement of such adjournment in open court on the date scheduled for the Hearing.

DATED:    New York, New York
              July 2, 2026

                                        Kucker Marino Winiarsky & Bittens, LLP
                                        Attorneys for 1045 Union Associates, LLC

                                        By:_/S/ Joel M. Shafferman_____
                                             Joel M. Shafferman, Of Counsel
                                             747 Third Avenue
                                             New York, New York 10017
                                             Telephone: (212) 869-5030
                                             Mobile:      (917) 847-8050
                                             Email: jshafferman@kuckermarino.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

**Hearing Date and Time**
**July 22, 2026 at 10:00 a.m.**

-----------------------------------------------------X

In Re:                                                                          Chapter 11

AGI'S CAFE LLC,                                                      Case No.  1-26-40788-jmm

                        Debtor.

-----------------------------------------------------X

## APPLICATION FOR ENTRY OF ORDER (I) DEEMING LEASE TO BE REJECTED; (II) COMPELLING SURRENDER OF NONRESIDENTIAL REAL PROPERTY; AND (III) IF NECESSARY, MODIFYING THE AUTOMATIC STAY TO PERMIT MOVANT TO TAKE RELATED ACTIONS TO OBTAIN POSSESSION OF NON-RESIDENTIAL REAL PROPERTY

**TO:    THE HONORABLE JIL MAZER-MARINO,**
**UNITED STATES BANKRUPTCY JUDGE:**

1045 Union Associates, LLC ("1045 Union") seeks the entry of an order:  (i) deeming Agi's Café, LLC's, the debtor and debtor-in-possession (the "Debtor") lease of nonresidential real property with 1045 Union (the "Lease") to be rejected by operation of law pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"); (ii) compelling the Debtor to immediately surrender possession of its non-residential real property located at 818 Franklin Avenue, Brooklyn, New York 11225 (the "Premises") and remove all personal property from the Premises; (iii) to the extent necessary, modifying the automatic stay provisions of section 362(a) of the Bankruptcy Code to allow to 1045 Union to terminate the Lease and obtain possession of the Premises; and (iv) granting 1045 Union such other and further relief as may be just and proper (the "Application"). In support thereof, 1045 Union respectfully states:

4

## JURISDICTION AND STATUTORY PREDICATES

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Eastern District of New York. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory provisions governing the relief requested in this Motion are sections 105(a), 362(a), (d) and (g), and 365(d)(4), (5) and (g) of the Bankruptcy Code and Rules 4001(a), 6006,  and 9014 of the Federal Rule of Bankruptcy Procedure and Local Rule 6006-1.

## BACKGROUND

3.    The Debtor operates Agi's, a local restaurant in Brooklyn at 818 Franklin Avenue, Brooklyn, New York 11225 (the "Premises").

4.    On February 19, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

5.    The Debtor has continued in possession of the Property as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or official creditors' committee has been appointed in this Chapter 11 case.

6.    Prior to the Petition Date, on June 28, 2021, 1045 Union and the Debtor entered into the Lease under which 1045 Union leased the Premises to the Debtor. The term of the Lease was for ten (10) years.

7.    As of the Petition Date, the Debtor owed 1045 Union the sum of $57,067.40, as set forth in the proof of claim, a copy of which is attached hereto as **Exhibit "A".**

5

## **ARGUMENT**

8.      By this application, 1045 Union requests entry of an order: (i) compelling the Debtor to immediately surrender possession of the Premises and remove all personal property from the Premises, and (ii) if necessary, terminating the automatic stay with respect to the Lease and the Debtor to the extent necessary to allow 1045 Union to take all actions required to terminate the Lease and regain possession of the Premises.

9.      Section 365(d)(4)(A) provides that:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

> (i) the date that is 120 days after the date of the order for relief; or

> (ii) the date of the entry of an order confirming a plan.

Section 365(d)(4)(B) provides that:

> (B)

> (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

10.      Therefore, if a chapter 11 debtor-in-possession takes no action on an unexpired executory lease or contract prior to the time period proscribed in section 365(d)(4), then the "tenant's leasehold right to possession of the premises has legally expired" and "the lease [is] deemed rejected by operation of law." *See eg. MOAC Mall Holdings LLC v. Transform Holdco LLC (In re Sears*

6

*Holdings Corp.)*, 661 B.R. 298, 318 (S.D.N.Y. 2024). *In re BSL Operating Corp.*, 57 B.R. 945, 947, 951 (Bankr. S.D.N.Y. 1986). Furthermore, upon rejection, the debtor-in-possession must immediately surrender the non-residential property to the lessor. *See In re BSL Operating Corp., 57 B.R. at 947* ("While compliance with the mandate of section 365(d)(4) requires alacrity, it is not a difficult requirement to meet. The statute is demanding, but clear. [The landlord is] entitled to be the beneficiary of an immediate surrender of the premises.").

11.     The deadline in this case for the Debtor to assume or reject the Lease was June 19, 2026, which was the 120th day following the Petition Date.  As shown in the docket of this case, a copy of which is attached hereto as **Exhibit "B",** the Debtor did not file a motion in this case seeking either to assume the Lease or to extend its time to assume or reject the Lease. Therefore, by operation of law, the Lease has been rejected, and the Debtor's right to remain in possession of the Premises has been terminated. *See*, *MOAC Mall Holdings LLC v. Transform Holdco LLC (In re Sears Holdings Corp.)*, 661 B.R. at 318.

12.     Upon deemed rejection, the Bankruptcy Code mandates that the trustee or debtor-in-possession "shall immediately surrender" the nonresidential real property to the lessor.  11 USCS § 365(d)(4)(A).  *See*, *In re Southampton Yen Rest. Group LLC*, 2009 Bankr. LEXIS 3608 at *8 (Bankr. S.D. N.Y. Nov. 16, 2009).  Therefore, this Court should enter an order deeming the Lease to be rejected and requiring the Debtor to "immediately surrender" the Premises.

13.     Furthermore, because the Lease is rejected, the Premises is no longer property of the estate and the automatic stay under 11 U.S.C. § 362(d)(1) and (2). The Debtor's estate no longer has any interest (possessory or otherwise) in the Lease or the Premises, and neither the Lease nor the use of the Premises are available for the Debtor in this case.

14.    Although the Debtor is seeking to voluntarily dismiss this case by its motion dated June 9, 2026 [ECF Doc. No. 24], 1045 Union is also seeking modification of the automatic stay provisions of section 362(a) of the Bankruptcy Code, to the extent necessary, to permit it to take any and all actions required to obtain possession of the Premises and terminate the Lease and preserve its interest in the Premises.

15.    1045 Union will serve this application and accompanying exhibits by first-class mail upon (i) the Debtor and its counsel; (ii) the office of the United States Trustee; (iii) all creditors, and (iv) all other parties that have filed a notice of appearance in this case.  1045 Union submits that this Court find such notice to be good and sufficient pursuant to Bankruptcy Rules 2002, 6004 and 9019.

16.    Additionally, since any appeal of an order vacating the stay herein would be frivolous, pursuant to FRBP 400l(a)(3), the Court should waive the fourteen (14) day stay of an Order granting a motion for relief from an automatic stay made in accordance with FRBP 400l(a)(l).

17.    No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, it is respectfully requested that this Court enter an order: (i) deeming the Lease to be rejected by operation of law pursuant to section 365 of the Bankruptcy Code; (ii) compelling the Debtor to immediately surrender possession of the Premises to 1045 Union and remove all personal property from the Premises; (iii) to the extent necessary, modifying the

automatic stay provisions of section 362(a) of the Bankruptcy Code to allow to 1045 Union to terminate the Lease and obtain possession of the Premises; and (iv) granting 1045 Union such other and further relief as may be just and proper.

DATED:   New York, New York
           July 2, 2026

Kucker Marino Winiarsky & Bittens, LLP
Attorneys for 1045 Union Associates, LLC

By: /S/ Joel M. Shafferman_____
    Joel M. Shafferman, Of Counsel
    747 Third Avenue
    New York, New York 10017
    Telephone: (212) 869-5030
    Mobile:    (917) 847-8050
    Email: jshafferman@kuckermarino.com